1 LEVY, SMALL & LALLAS
A Partnership Including Professional Corporations
2 JOHN MITTELBACH (SBN 284088)
815 Moraga Drive
3 Los Angeles, California 90049-1633
Telephone:  (310) 471-3000
4 Facsimile:   (310) 471-7990

5 Attorneys for Plaintiff
David Faeder, Jr., on behalf of himself
6 and all others similarly situated

7

8 UNITED STATES DISTRICT COURT

9 CENTRAL DISTRICT OF CALIFORNIA

10

| DAVID FAEDER, JR., on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ADT, LLC, d/b/a ADT Security Services, Inc., and DOES 1-10,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES:**<br><br>(1) VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT;<br><br>**DEMAND FOR JURY TRIAL** |
|---|---|

LEVY, SMALL & LALLAS
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
815 MORAGA DRIVE
LOS ANGELES, CA 90049

COMPLAINT

# INTRODUCTION

1. For the past several months, Defendant ADT, LLC d/b/a ADT Security Services, Inc. ("ADT") robo-dialed Plaintiff David Faeder Jr.'s ("Plaintiff") cell phone every day, multiple times a day, in an attempt to collect a debt that Plaintiff did not owe. Plaintiff repeatedly told ADT that they had the wrong number, that he was not associated with the alleged account debtor, and advised ADT to stop calling him. ADT repeatedly told Plaintiff that they had placed him on a do-not-call (DNC) list. Despite that, ADT continued to call Plaintiff's cell phone using an automated telephone dialing system ("ATDS") without his consent.

2. Plaintiff brings this Class Action Complaint for damages, injunctive relief, and any other legal or equitable remedies, resulting from the illegal actions of ADT in: (a) negligently and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the federal Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"). Plaintiff alleges as follows based upon his personal knowledge and his own acts and experiences and, as to all other matters, upon information and belief, including investigation by his attorneys.

# JURISDICTION AND VENUE

3. Jurisdiction is proper under 28 U.S.C. §1331. *See also Mins v. Arrow Fin. Serv. LLC*, 132 S. Ct. 740 (2012).

4. Jurisdiction in this District is proper pursuant to 28 U.S.C. §1332(d)(2) because Plaintiff seeks up to $1,500 in damages for each violation of the TCPA. Plaintiff himself received dozens of ATDS calls without his consent from ADT, making his alleged damages alone easily exceed $100,000. When aggregated among a proposed nationwide class, which is expected to exceed a thousand members, the alleged damages exceed the $5,000,000 threshold for federal jurisdiction. Plaintiff and Defendant reside in different states, satisfying the diversity requirement.

5. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because the events giving rise to

Plaintiff's causes of action against Defendant occurred within the State of California and Defendants conducts business in the County of Los Angeles.

## PARTIES

6. Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the State of California. Plaintiff is also a "debtor" as that term is defined by Cal. Civil Code section 1788.2(h)

7. Plaintiff is informed and believes that Defendant ADT is a company organized in the state of Delaware with its primary business address at 1501 Yamato Road, Boca Raton, Florida, 33431. Defendant ADT conducts business in the State of California, the County of Los Angeles, and within this judicial district.

8. Defendants Does 1 through 10 are persons or entities whose true names and capacities are presently unknown to Plaintiff and who therefore are sued by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to Plaintiff. Plaintiff will seek leave to amend this complaint to state the true names and capacities of such fictitiously named Defendants when ascertained.

## FACTUAL ALLEGATIONS

9. Plaintiff has never consented to ADT calling his cellular telephone.

10. Beginning in summer 2017, Plaintiff began to receive telephone calls on his cellular telephone from Defendant in an attempt to collect an alleged debt owed by an ADT customer. These calls were placed using an ATDS.

11. Defendant left pre-recorded messages instructing Plaintiff to call 866-843-0374. A call to that number states that the number belongs to ADT.

12. Plaintiff informed Defendant on multiple occasions that Defendant had reached the wrong number, that Plaintiff was not the alleged account debtor, and told Defendant to not call him again.

13. Defendant told Plaintiff that he would be placed on a do not call list.

14. Despite expressly being notified that Defendant had called the wrong number and being told not to call Plaintiff again, Defendant continued to call Plaintiff in an attempt to collect the debt allegedly owed by someone else.

15. ADT continued to call Plaintiff's cell phone on a daily basis, with multiple calls per day, until March 15, 2018.

16. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

17. This telephone call constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

18. Plaintiff did not consent to Defendant calling Plaintiff's cellular telephone.

## CLASS ACTION ALLEGATIONS

19. Plaintiff brings this action on behalf of himself and on behalf of and all others similarly situated ("the Class").

20. Plaintiff represents, and is a member of, the Class, consisting of all persons within the United States who received any telephone call from Defendant or its agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system or with an artificial or prerecorded voice, which call was not made for emergency purposes or with the recipient's prior express consent, within the four years prior to the filing of this Complaint.

21. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

22. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and the Class via their cellular telephones thereby causing Plaintiff and the Class to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class previously paid, by having to

retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and the Class. Plaintiff and the Class were damaged thereby.

23. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

24. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

25. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    A. Whether, within the four years prior to the filing of this Complaint, Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

    B. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

    C. Whether Defendant should be enjoined from engaging in such conduct in the future.

26. As a person that received numerous calls using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

LEVY, SMALL & LALLAS
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
815 MORAGA DRIVE
LOS ANGELES, CA 90049

4

COMPLAINT

27. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

28. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

29. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

30. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**

**(NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. § 227 *ET SEQ*)**

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

33. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff and the Classes are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

LEVY, SMALL & LALLAS
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
815 MORAGA DRIVE
LOS ANGELES, CA 90049

5

COMPLAINT

34. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

## (KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ*)

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

37. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

38. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

1. Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class the following relief against Defendant:

2. On the First Cause of Action:

   a. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class and Subclass member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

   b. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

   c. Any other relief the Court may deem just and proper.

3. On the Second Cause of Action:

LEVY, SMALL & LALLAS
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
815 MORAGA DRIVE
LOS ANGELES, CA 90049

a. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class and Subclass member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C)

b. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

c. Any other relief the Court may deem just and proper.

## TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED: March 30, 2018

LEVY SMALL & LALLAS
A Partnership Including Professional Corporations
JOHN MITTELBACH

By: _____
JOHN MITTELBACH
Attorneys for Plaintiff David Faeder Jr.

34060

LEVY, SMALL & LALLAS
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
815 MORAGA DRIVE
LOS ANGELES, CA 90049

7
COMPLAINT